**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| BLAKE O'BRYAN SWANN,<br><br>*Plaintiff*,<br><br>v.<br><br>JOHNSON COUNTY SHERIFF'S OFFICE, BIT BROWN, J. SHAWN BROWN, and BRADLEY SEXTON,<br><br>*Defendants*. | ) | Case No. 1:26-cv-168<br><br>Judge Travis R. McDonough<br><br>Magistrate Judge Christopher H. Steger |

---

**MEMORANDUM & ORDER**

---

Plaintiff, an inmate in the Johnson County Jail, filed a complaint for violation of 42 U.S.C. § 1983 (Doc. 2), two motions for leave to proceed *in forma pauperis* (Docs. 1, 8), and a document that the Court construes as a motion to supplement the complaint to add claims and Defendants (Doc. 9). For the reasons set forth below, the Court will **DENY** Plaintiff's motion to supplement the complaint (*id.*). Also, while Magistrate Judge Steger previously granted Plaintiff leave to proceed *in forma pauperis* (*see* Doc. 11), the Court finds that Plaintiff may not proceed as a pauper in this action, and the Court will therefore **AMEND** Judge Steger's order allowing Plaintiff to proceed *in forma pauperis* (*id.*) to state that Plaintiff's motions for leave to proceed *in forma pauperis* (Docs. 1, 8) are **DENIED**, and this action will be **DISMISSED without prejudice** to Plaintiff prepaying the filing fee.

## I. MOTION TO SUPPLEMENT

The Court will first summarize Plaintiff's original complaint (Doc. 2) and Plaintiff's proposed supplement to his complaint (Doc. 9) before analyzing the motion to supplement (*id.*).

For the reasons set forth below, the motion to supplement (*id.*) will be **DENIED**.

### A. Original Complaint

Liberally construing Plaintiff's original complaint in his favor, he alleges that an individual named Kenneth Gilley "set [Plaintiff] up" in a criminal case, and that he therefore wanted to press charges against Mr. Gilley and spoke to Defendant Sexton about this. (Doc. 2, at 3–4, 7.)

Plaintiff also alleges that Defendant Bit Brown at one point approached Plaintiff's cell "in an aggressive manner saying '[S]o you[']r[e] going to slap me then slap me." (*Id.* at 4.) Plaintiff responded by stating that he was going to "slap" Defendant Bit Brown with a lawsuit for not allowing Plaintiff to press charges, presumably against Mr. Gilley, and for not providing him with various documents, after which Defendant Bit Brown obtained the requested documents for Plaintiff. (*Id.*) Plaintiff then makes various allegations regarding documents in this case before: (1) claiming that Mr. Gilley conspired with a police department, which the Court liberally construes as a reference to Defendant Johnson County Sheriff's Office, to set him up and (2) making conclusory statements that criminal attorneys, including "J[ulie] Canter," "are bad for not representing the[ir] clients to the[ir] fullest ability." (*Id.* at 5.)

Plaintiff does not make any factual allegations against Defendant J. Shawn Brown in his complaint. (*See id.* at 1–5.) But documents attached to the complaint demonstrate that Defendant J. Shawn Brown investigated Plaintiff's allegations that Mr. Gilley stole a vehicle from Plaintiff. (*See* Doc. 2-1, at 5, 9.)

Additionally, a document attached to Plaintiff's complaint regarding Plaintiff's allegation that Mr. Gilley stole his vehicle lists Defendant Sexton as the "Primary Officer" and also lists "Residential Status, Assault Assault/Homicide Circumstances 1, Assault Assault/Homicide

Circumstances 2, [and] Justifiable Homicide Circumstances" in the portion of the form designated for "Additional Details." (Doc. 2, at 8.) In the copy of this form filed with the complaint, Plaintiff circles the "Additional Details" portion of the form, indicates that he is not charged with these crimes, and categorizes the inclusion of these crimes as "Defamation of character." (*Id.*)

In his original complaint, Plaintiff sues the Johnson County Sheriff's Office, Bit Brown, J. Shane Brown, and Bradley Sexton. (*See* Doc. 2, at 1, 4.) As relief, Plaintiff seeks monetary damages and for Defendant Bit Brown to be kept away from him based on his assertion that this Defendant is "a very dangerous man and known to get inmates harmed in this county jail." (*Id.* at 6.)

**B. Motion to Supplement**

In his motion to supplement his complaint, Plaintiff first sets forth allegations regarding events in two cases in which Julie Canter represents him, including a criminal case pending before "Judge Street" and a post-conviction case, as well as allegations regarding his attempt to hold Mr. Gilley liable for theft of his vehicle. (Doc. 9, at 1–3.)

Also in his motion to supplement his complaint, Plaintiff claims that nurses have failed to provide him adequate medical care. (*See id.* at 3.) In support of this assertion, Plaintiff states that one nurse took him off medications he usually takes, and that when he saw another nurse about this issue, she only provided him "Ciprexsa" for two weeks. (*Id.*)

Plaintiff additionally alleges that he has a condition that he treats with Benadryl while not incarcerated, but when he saw an unknown nurse for this issue in the jail a week after he had requested sick call, she provided him steroid cream and steroids, but those "had zero effect" on his symptoms. (*Id.* at 4.) Plaintiff also claims that unspecified nurses have misdiagnosed his

medical condition as "Erythema[ ]multiforme," and that the condition he has is similar to that condition but has "more everlasting and frequent" effects. (*Id.*)

Based on the allegations in this filing, Plaintiff seeks to add Julie Canter, Judge Stacy Street, the Johnson County Courthouse, and "T.K. Health" as Defendants herein. (*See id.* at 1, 4.)

**C. Analysis**

Plaintiff's attempt to supplement his complaint violates this Court's prior order and Local Rule, as well as Rule 20(a)(2) of the Federal Rules of Civil Procedure. First, the Court previously entered an order that notified Plaintiff as follows:

> Any proposed amended complaint is subject to screening by the Court as set forth above and will have no effect in this lawsuit until the Court has completed that screening. *See* 28 U.S.C. § 1915(e)(2)(b). To seek permission to amend your complaint, you must file a motion and attach a complete proposed amended complaint to the motion. E.D. Tenn. L.R.15.1. Failure to comply with these directives may result in your filing(s) being **STRICKEN** from the record without further notice and/or sanctions, including the dismissal of this suit for failure to comply with the Court's orders, if appropriate.

(Doc. 4, at 2.) In complete disregard of this notification, Plaintiff filed his motion to supplement the complaint (*see* Doc. 9) without filing a complete proposed amended complaint in violation of both the Court's prior order (Doc. 4) and the Court's Local Rule. *See* E.D. Tenn. L.R. 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, shall, except by leave of Court, reproduce the entire pleading as amended and may not incorporate any prior pleading by reference. A failure to comply with this rule may be grounds for denial of the motion.").

The Court additionally notes that the claims Plaintiff seeks to add against Julie Canter, Stacy Street, the Johnson County Courthouse, and "T.K. Health" in his motion to supplement his complaint are substantively unrelated to and against different Defendants than the claims he set

forth in his original complaint against the Johnson County Sheriff's Office, Bit Brown, J. Shane Brown, and Bradley Sexton. (*Compare* Doc. 2 *with* Doc. 9.) As such, these claims are not properly joined herein.

Specifically, while Rule 18(a) allows a plaintiff to join as many claims as he has against an opposing party, Rule 20(a)(2) allows a plaintiff to sue multiple defendants only where:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). Thus, Rule 20 does not permit plaintiffs to join unrelated claims against different defendants in one lawsuit. *See*, *e.g.*, *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("A buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner."); *see also Smith v. Lavender*, No. 2:22-CV-1875, 2022 WL 4121929, at *6 (S.D. Ohio, Sept. 9, 2022) (severing unrelated claims a prisoner plaintiff filed in a complaint against different defendants) (citations omitted); *White v. Newcomb*, No. 2:21-CV-249, 2022 WL 2763305, at *4–5 (W.D. Mich. July 15, 2022) (providing that a plaintiff cannot join claims against multiple defendants in one lawsuit "unless one claim against each additional defendant is transactionally related to the claim against the first defendant and involves a common question of law or fact" (quoting *Proctor v Applegate*, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009) and collecting cases standing for the proposition that prisoners cannot join unrelated claims against different defendants in a single lawsuit)).

For all these reasons, Plaintiff's motion to supplement his complaint (Doc. 9) is **DENIED**.

## II. 28 U.S.C. § 1915(g) "THREE STRIKES"

The "three strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), provides that an inmate may not proceed *in forma pauperis* in a civil action if, as a prisoner, he has filed three or more cases that a court dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless "[he] is under imminent danger of serious physical injury."

As a prisoner, Plaintiff has filed at least three cases that a Court dismissed for failure to state a claim upon which relief may be granted. *Swann v. Goodwin*, No. 3:23-CV-59-DCLC-DCP, 2023 WL 2762020, at *1 (E.D. Tenn. Mar. 31, 2023) (noting that "[t]his Court has previously denied Plaintiff's request to *in forma pauperis* in civil actions due to his accumulation of 'strikes' under § 1915(g).") (citations omitted). Accordingly, Plaintiff has accumulated at least three strikes under the PLRA and cannot file the instant suit, or any future suit, as a pauper unless he demonstrates that he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

## III. IMMINENT-DANGER EXCEPTION

The three strikes provision of the PLRA has an exception which allows a prisoner with three or more "strikes" to proceed *in forma pauperis* if his complaint contains "a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). This imminent-danger exception "is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (quoting *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011) (internal quotation marks omitted)). The exception applies where a court, informed by its "'judicial experience and

common sense,' could 'draw the reasonable inference'" that a plaintiff faced an existing danger when he filed the pleading. *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)).

As set forth above, Plaintiff's original complaint makes various allegations about his attempts to hold Mr. Gilley liable for theft of his vehicle, as well as the criminal charges against him. (*See* Doc. 2, at 3–5.) It also makes a conclusory allegation that Defendant Bit Brown should not be allowed to be around Plaintiff because he is "a very dangerous man and known to get inmates harmed in this county jail." (*Id.* at 6.)

These allegations do not allow the Court to reasonably infer that Plaintiff faced "imminent danger of serious physical injury" at the time he filed his original complaint. *See Andrews*, 493 F.3d at 1055. While Plaintiff makes a conclusory assertion that Defendant Bit Brown is "very dangerous" and has harmed other inmates, he provides no facts to support this statement, nor does he provide any facts to support his implied assertion that Defendant Bit Brown poses a danger to him. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). And no other allegations of the complaint allow the Court to infer Plaintiff faces any imminent danger of harm. Accordingly, Plaintiff may not proceed as a pauper in these proceedings.

## IV. CONCLUSION

For the reasons set forth above, Judge Steger's order allowing Plaintiff to proceed *in forma pauperis* (Doc. 11) is **AMENDED** to state that Plaintiff's motions for leave to proceed *in forma pauperis* (Doc. 1, 8) are **DENIED**, and the instant action will be **DISMISSED without prejudice** to Plaintiff paying the filing fee in full. *See In re Alea*, 286 F.3d 378, 381 (6th Cir.

2002) (noting that prisoner's obligation to pay filing fee arises when complaint delivered to district court clerk). Accordingly, this case will be **CLOSED**.

Also, the Court **CERTIFIES** that any appeal from this decision would not be taken in good faith and would be totally frivolous, such that any request for leave to proceed *in forma pauperis* on any subsequent appeal will be **DENIED**.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**/s/ *Travis R. McDonough***
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**